Appeal from an order of the Supreme Court at Special Term, entered December 3, 1946, in New York County, which granted a motion by defendant for an order (1) opening defendant’s default in appearing on and opposing an order to show cause dated July 20, 1946; (2) vacating orders dated July 30, 1946 and August 8,1946, entered pursuant to said order to show cause; (3) denying plaintiff’s motion to punish defendant for contempt, and for a counsel fee, and to compel defendant to post security and for all other relief therein requested; (4) opening defendant’s default in appearing and opposing an order to show cause dated October 14, 1946; (5) denying plaintiff’s motion to punish defendant for contempt pursuant to said order to show cause, and for a counsel fee and to compel defendant to post security, and for all other relief therein requested; (6) modifying a final judgment and decree to the extent of designating an official referee to take proof and report; and (7) reducing the amount of alimony to be paid by defendant to plaintiff pending the referee’s report and final determination by the court.
Per Curiam.
The Special Term was warranted in opening the defaults and in vacating the orders entered on the two motions to punish defendant for contempt. However, upon a consideration de novo, the motions should have been granted to the extent of punishing defendant for contempt and otherwise denied.
We think too that the granting of defendant’s cross motion to modify the amended decree to the extent of referring the matter of reducing the amount of alimony to an official referee, in the circumstances of this case, was unauthorized. If defendant was aggrieved by the order of June 18, 1946, which modified the decree of separation by fixing the alimony in the sum of $115 per week, his remedy was by appeal. Since the amendment of the judgment it appears that there has been no material change in defendant’s financial condition. Obviously, there was no such showing of change of circumstances as to warrant a new reference.
This disposition is made without prejudice to an application at Special Term for modification of the decree based on a claim by defendant that he is entitled to a reduction of alimony because the two minor children are now residing with and are being maintained by him. The order appealed from should be modified accordingly and as so modified affirmed, with $20 costs and disbursements to the appellant.
Martin, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.
Order unanimously modified in accordance with opinion and as so modified affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.